tion. When this ceases, the party may go on upon his old record of course, on the proper evidence being filed to show that the suspension has ceased. There is no need of a rule. It is like the case of a *procedendo*. The party is remitted to his original rights. It is only necessary that the *supersedeas* should cease to operate.

*Talcott*, (Attorney General,) in reply, said that though a transcript only was removed by the writ of error, yet to proceed in vacation is against the theory of this Court. The *remittitur* is a direction to proceed which they cannot receive and act upon except in term. He admitted that, on the arrival of a term, a rule that execution issue might be entered of course, on motion; but a judgment may be reversed in part and affirmed in part. In such a case, the rule and the award of execution upon the roll must be modified accordingly. If circumstances might require a special application to the Court for this purpose, a proper degree of caution would require that it should be done in every case. In this case no rule had been entered.

*Curia.* It is enough that the *remittitur* was filed, which may be done at any time before execution issues.

By the *remittitur*, the cause is here in the same situation, and for the same purposes, as before writ of error brought. No rule need be entered. The party may proceed with his execution, of course, as if it had never been suspended.

Motion denied.

---

### HART *against* HILDRETH and others.

P. S. PARKER, moved for judgment as in case of nonsuit, for not proceeding to trial at the last Ontario Circuit, cause, on the suggestion of the plaintiff's counsel that it would be a long cause, and the business afterwards took such a course that the cause could not be tried at that circuit, a motion for judgment, as in case of nonsuit, was denied without costs.

*Margin notes:* ALBANY, Feb. 1824. Hart v. Hildreth. Where the circuit judge suspended the trial of a

ALBANY,    which commenced on the 20th January last, and continued
Feb. 1824.  till Saturday thereafter.

Shaw
v.
Raymond.   *V. Matthews*, contra.   On the part of the plaintiff, an
affidavit was read, showing that the cause was called on
Wednesday evening, but the Judge, on the suggestion of the
plaintiff's counsel, that it would be a long cause, declined try-
ing it at that time, declaring that it should not lose its prefer-
ence, and proceeded to take up some other causes which had
been reserved, and criminal business, which occupied the
Court nearly the whole of the next day, when the Judge's
attention being again called to this cause, he declined trying
it that week, remarking that he expected Judge ROCHES-
TER to close the business of the Circuit during the next
week, and he set down the cause for Monday.  On Friday
evening the Judge stated that he had received a letter from
Judge ROCHESTER, that he was in ill health, and could not
attend the next week; and on being again applied to, he
declared that he should not try the cause ; and the plaintiff
had no opportunity to try it during the Circuit :

And for these reasons *The Court* denied the motion,
without costs.

Motion denied.

---

SHAW *against* RAYMOND, impleaded with FORD.

Where to     TRESPASS *de bonis asportatis* against both defendants,
trespass a-  who severed in their pleas.   Raymond, pleaded the general
gainst a sheriff
for an act done  issue, and two special pleas, by which he justified taking and
by him in vir-  carrying away the goods as Sheriff of St. Lawrence county,
tue of his of-
fice, he plead-
ed the general  issue and two special pleas; to which the plaintiff replied, and there were
demurrers to the replications, and a verdict for the sheriff on the general issue ; *held*, that
the demurrers could not afterwards be argued ; and the defendant had his double costs.

Where there are several pleas, some of which are carried to an issue of law, and
some to an issue of fact; the plaintiff may first argue the demurrer, or try the issue of fact,
at his election.